HAROLD A. HOWARD et al., as Trustees under the Will of SARAH J. HOWARD, Deceased, Respondents, *v.* MAXWELL-BRISCOE MOTOR COMPANY, Appellant.

*Howard* v. *Maxwell-Briscoe Motor Co.*, 177 App. Div. 918, affirmed.
(Argued October 2, 1917; decided October 16, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 23, 1917, which affirmed an order of Special Term denying a motion by defendant for judgment in its favor upon the pleadings. The complaint alleged that on or about December 10, 1909, the Maxwell-Briscoe Chicago Company, a corporation, hereafter referred to as the Chicago Company, entered into a lease with the plaintiffs by which it leased from the plaintiffs certain premises in the city of Chicago at a designated rental; that part of the consideration for the lease was the guaranty by this defendant, Maxwell-Briscoe Motor Company, of the payment of the rent; that default was made in the payment of rent by the Chicago Company on June 10, 1913; that on or about June 27, 1913, the Chicago Company, under its then

name of United Motor Chicago Company, was adjudicated a bankrupt; and that on the 11th day of July, 1913, it ceased to occupy and abandoned the premises. The premises were thereupon repossessed by the plaintiffs. It is alleged that by reason of the above facts the defendant, Maxwell-Briscoe Motor Company, as guarantor of the lease, became liable for an alleged balance of accrued rent and for other sums claimed by the plaintiffs to be due under the lease. The amended answer admitted the allegations of the complaint relative to the making of the lease and guaranty, but denied the allegation that any sum of money is due from the defendant to the plaintiffs, and set up two separate defenses in bar of the plaintiffs' alleged cause of action, based on (1) orders in the Federal court in receivership proceedings against the defendant and others whereby the purchaser of assets of the defendant was empowered to reject all executory contracts of the defendant; (2) receivership proceedings in the Federal court in which the affairs of the defendant were liquidated and its assets sold and distributed among its creditors.

The following question was certified: " Is the defendant entitled to judgment upon the pleadings? "

*Donald C. Muhleman, Henry V. Poor* and *Thomas F. Dougherty* for appellant.

*F. Leon Shelp* and *Harrison E. Persons* for respondents.

Order affirmed, with costs, and question certified answered in the negative; no opinion.

Concur: HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO, McLAUGHLIN and CRANE, JJ.